**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| V.I.P. Mortgage Incorporated, | No. CV-25-01734-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Jennifer Gates, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendants Jennifer and Timothy Gates ("the Gateses") removed this action solely on the basis of diversity jurisdiction. (Doc. 1.) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be

1  established or the case be dismissed, and for that purpose the court may demand that the
2  party alleging jurisdiction justify its allegations by a preponderance of evidence." *Harris*
3  *v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up). "Absent unusual circumstances,
4  a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the
5  actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,
6  857 (9th Cir. 2001).

7  A corporation, whether incorporated in a state of the United States or in a foreign
8  country, is "deemed a citizen of its place of incorporation and the location of its principal
9  place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d
10  987, 990 (9th Cir. 1994). Plaintiff V.I.P. Mortgage, Inc. is an Arizona corporation with a
11  principal place of business in Arizona (Doc. 1-1 ¶¶ 1-2) and is therefore a citizen of Arizona
12  for diversity purposes.

13  The complaint,[1] which was filed in Maricopa County Superior Court on April 2,
14  2025, alleges that "[u]pon information and belief, Jennifer Gates is a resident of Maricopa
15  County and was previously employed by V.I.P. in Maricopa County." (*Id.* ¶ 3.)

16  The notice of removal states that the Gateses are "residents of Mexico." (Doc. 1
17  ¶ 3.) This avowal is insufficient to establish that the Gateses were *citizens* of Mexico as of
18  April 2, 2025. Indeed, "[i]t has long been settled that residence and citizenship [are]
19  wholly different things within the meaning of the Constitution and the laws defining and
20  regulating the jurisdiction of the . . . courts of the United States; and that a mere averment
21  of residence in a particular state is not an averment of citizenship in that state for the
22  purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a
23  citizen of a state, a natural person must first be a citizen of the United States. The natural
24  person's state citizenship is then determined by her state of domicile, not her state of

---

[1]    "[T]he existence of domicile for purposes of diversity is determined as of the time
the lawsuit is filed." *Lew*, 797 F.2d at 750. *See also Stuto v. GE Healthcare, Inc.*, 2019
WL 2423512, *2 (N.D. Cal. 2019) (rejecting argument that complete diversity only needs
to exist at the time of removal and noting that the statutory requirement "that removal
requires complete diversity at the time of removal . . . is independent of the jurisdictional
requirement that complete diversity exist at the time of filing").

residence.    A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted).  Thus, an allegation regarding a party's state of residence fails to establish his or her state of domicile for diversity purposes.

Furthermore, the Court does not operate in a vacuum when assessing the Gateses' citizenship.  This is one of three related actions between Jennifer Gates and V.I.P. Mortgage that has recently been litigated in the District of Arizona.  In the first action, the Court was presented with evidence that although the Gateses had engaged in a temporary period of residence in Mexico beginning in July 2021, they periodically turned to Arizona for work after beginning that period of residence and then returned to Arizona for good in 2022.  (Doc. 15-1 at 7-8.)  Separately, in the most recently filed action (which is predicated on federal-question jurisdiction and thus does not require a showing of complete diversity), Jennnifer Gates represented in her complaint, filed on May 9, 2025, that "*[a]t present*, Plaintiff Jennifer Gates resides in the country of Mexico."  (*Gates v. V.I.P. Mortgage, Inc.*, 25-cv-01596-DWL, Doc. 1 ¶ 6 [emphasis added].)  The emphasized text seems to suggest that the current period of residence in Mexico is also not intended to be permanent.  These details are potentially significant because "a person's old domicile is not lost until a new one is acquired."  *Lew*, 797 F.2d at 750.  "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.*  As the Ninth Circuit has explained:

> [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. . . . [D]omicile is evaluated in terms of objective facts, [such] that statements of intent are entitled to little weight when in conflict with facts.

*Id.* (cleaned up).  There is a "presumption in favor of [an] established domicile . . . as against [an] allegedly newly acquired one."  *Id.* at 751.

To cure the pleading deficiency, the Court will require Defendants to file an amended notice of removal that affirmatively states all parties' citizenship under the correct legal standards. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Furthermore, because it appears likely that Defendants were at least once citizens of Arizona and it is uncertain whether, at the time the complaint was filed on April 2, 2025, Defendants had lost their Arizona citizenship by moving to Mexico with the intention to remain there indefinitely, the Court will require Defendants to meet their burden of proof by submitting evidence regarding their citizenship. *Harris*, 682 F.3d at 851 ("[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed . . . .") (cleaned up). Defendants are advised that if they merely submit affidavits expressing that on April 2, 2025, they possessed "the requisite intent to remain indefinitely" in Mexico, such affidavits standing will, not be enough to rebut the presumption that their established domicile remains in Arizona. Rather, to meet their burden, Defendants must come forward with evidence establishing "objective facts." *Lew*, 797 F.2d at 750.

Accordingly,

**IT IS ORDERED** that Defendant shall file[2] (1) an amended notice of removal properly stating a jurisdictional basis for this action and (2) evidence supporting Defendants' asserted place of domicile within 14 days of the date of this order.

…

…

…

…

…

---

[2]    Alternatively, the parties may file a stipulation to remand this action to state court.

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal and evidence in support of Defendants' asserted place of domicile within 14 days, the Clerk of Court shall remand this action to state court without further notice.

Dated this 10th day of July, 2025.

Dominic W. Lanza
United States District Judge